IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER YOON,** | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION NO. |
| v. | § | _____ |
| | § | |
| **SAMSUNG ELECTRONICS** | § | |
| **AMERICA, INC.** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT & JURY DEMAND**

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Plaintiff Christopher Yoon ("Yoon" or "Plaintiff") comes before this Court to file his *Original Complaint & Jury Demand* against Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant"), for terminating him because of his religious beliefs in violation of Title VII of the Civil Rights Act of 1964 and Texas Labor Code § 21.051.

**SUMMARY**: Plaintiff began working at Samsung in early 2020. In the middle of 2020, Plaintiff began a Christian YouTube channel discussing his beliefs. In early 2021, Defendant informed Plaintiff that the company had become aware of his Youtube channel and met with Plaintiff regarding it. Defendant performed an audit and told Plaintiff to keep Samsung separate from his Youtube, ensuring no comments link Plaintiff to Defendant. Plaintiff complied to the best of his ability, yet Defendant fired Plaintiff for allegedly violating the company's social media policy and gave no details or offered alternative solutions. Plaintiff believes that he was terminated due to his religious beliefs. Plaintiff received his right to sue letter from the EEOC on November 30, 2023. Defendant discriminated against Plaintiff due to his religious beliefs.

## I. PARTIES

1. Plaintiff Christopher Yoon is a U.S. citizen residing in Cook County, Illinois. Parties may serve Plaintiff through his attorney of record, the undersigned.

2. Defendant Samsung Electronics America, Inc. is a New Jersey corporation. Parties may serve Defendant through its registered agent in Texas, C T Corporation System, at 1999 Bryan St. Ste. 900, Dallas, TX 75201.

## II. JURISDICTION AND VENUE

3. The claims sought present a federal question, seeking redress for claims for deprivation of rights protected by the Title VII of the Civil Rights Act of 1964. This Court has jurisdiction to hear the merits of the claims under 28 U.S.C. § 1331 for Plaintiff's claims under federal law, and under 28 U.S.C. § 1367 for his claims under Texas law.

4. Personal jurisdiction over Defendant is appropriate because at all times relevant to Plaintiff's claims, Plaintiff was employed out of Defendant's Plano, Texas, office, located at 6625 Excellence Way, Plano, Texas, 75023, in Collin County, Texas. Further, an exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

5. The damages sought are within the jurisdictional limits of this Court and exceed $75,000.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) as the district where substantial events or omissions giving rise to Plaintiff's claims occurred.

## III. FACTS

7. Plaintiff began working for Defendant on February 19, 2020, as a Senior Manager, Mobile Business Strategy. His title eventually changed to Senior Professional, Customer/Market Insights. Exh. A.

8.  Plaintiff is an evangelical Christian who began a public eponymous YouTube channel in 2020, wherein he frequently posts videos discussing his Christian beliefs, including the rapture and the second coming of Christ. Exh. A.

9.  In January of 2021, Defendant's VP of Mobile Business Strategy, Paul Kim, informed Plaintiff that the company had become aware of his YouTube channel and that he wanted to speak with Plaintiff about it. Exh. A.

10. On January 15, 2021, Plaintiff had a meeting with Senior Legal Counsel, Dan Berrios, and Head of Mobile HR Business Partner, Sandra Sanchez. They informed Plaintiff that the company had conducted an audit of his personal YouTube channel, following "reports" that had been made, and required him to separate the channel from all things relating to Samsung. Exh. A.

11. Notably, Plaintiff receives thousands of comments on his videos, from hundreds of thousands of subscribers. Plaintiff removed dozens of comments, in order to comply with Defendant's request. Exh. A.

12. In December of 2021, Plaintiff received a religious exemption from Defendant's COVID-19 vaccination requirement. Exh. A.

13. On February 11, 2022, Plaintiff was asked by HP Business Partner, Lauren Brumley, to remove a viewer comment on his channel from February 21, 2021, in which he was referred to as a manager at Samsung. Plaintiff was unable to locate the alleged comment, and notified Ms. Brumley of this. Exh. A.

14. Plaintiff went so far as to perform a thorough sweep of his other videos, to ensure that he was not in violation of Defendant's request anywhere else. He found no other comments. Exh. A.

15. On November 5, 2022, someone by the name of "Howard Brown" sent out a mass email to Defendant's HR department, complaining of a video that Plaintiff had posted. Exh. A.

16. Plaintiff received his quarterly review one month later, in which he received positive accolades, and no concerns were expressed regarding his performance. Exh. A.

17. The same day, he was invited to a call with Ms. Brumley, and the new Head of Mobile HR Business Partner. He was forbidden from recording the meeting, as he was being fired for violating Defendant's social media policy. Exh. A.

18. Understandably, Plaintiff asked what the violation was, to which they would not provide specific details, except that people were able to connect him to Samsung through his LinkedIn profile. Exh. A.

19. Following his termination, Plaintiff requested his personnel file, under the Illinois Personnel Record Review Act. None of the items produced, relating to his termination, had any connection to his employment at Samsung. Exh. A.

20. On May 26, 2023, Plaintiff hired Rob Wiley, P.C. to send a demand to Defendant, offering to waive all claims in exchange for $750,000.00. Exh. A-1.

21. Plaintiff eventually dropped his offer of settlement down to $492,500.00, to which Defendant counter-offered with $20,000.00. Plaintiff rejected this offer, and, on June 2, 2023, he filed a charge of discrimination with the Texas Workforce Commission against Defendant. Exh. A-2.

22. On November 30, 2023, Plaintiff received his Right to Sue letter from the EEOC. Exh. A-3.

23. Plaintiff is of the opinion that Defendant terminated him due to the expression of his religious beliefs, discriminating against him in direct violation of the Texas Labor Code and Title VII of the Civil Rights Act of 1964. Exh. A, A-1, A-2, A-3.

## IV. CAUSE OF ACTION

### A. Violation of Title VII of the Civil Rights Act of 1964.

24. Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), *et. seq.*

25. To establish a prima facie case of religious discrimination under Title VII, plaintiff must present evidence that (1) he held a bona fide religious belief, (2) his belief conflicted with a requirement of his employment, (3) his employer was informed of her belief, and (4) he suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 485 (5th Cir. 2014).

26. Defendant is engaged in an industry affecting commerce and had 15 or more employees for each working day, in each of 20 or more calendar weeks, in the current or preceding calendar year. Exh. A.

27. Plaintiff has sincerely held religious beliefs within the meaning of Title VII. Exh. A.

28. Plaintiff was qualified for his position at the time he was terminated. Exh. A.

29. Plaintiff suffered an adverse employment action when, among other things, he was terminated by Defendant because of his religious beliefs. Exh. A.

30. Because of Defendant's actions, Plaintiff has suffered damages within the jurisdictional limits of this Court according to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), *et. seq.* Plaintiff seeks maximum punitive damages, backpay for two years' salary exceeding $210,000, front pay, and any other damages he may be entitled to. Exh. A.

### B. Violation of Texas Labor Code § 21.051.

31. Defendant's termination adversely affected Plaintiff's employment on the basis of Plaintiff's religion in violation of the Tex. Lab. Code § 21.051.

32. "The TCHRA states that an employer commits an unlawful act when the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual" on the basis of "race, color disability, religion, sex, national origin or age." TEX. LABOR CODE ANN. § 21.051(a)." *See Grant v. Joe Myers Toyota, Inc.*, 11 S.W.3d 419, 423 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "Due to the dearth of case law interpreting the TCHRA, the Texas Supreme Court has directed Texas courts to seek guidance from federal interpretations of Title VII when construing the TCHRA.*" See id.* "A plaintiff seeking to bring a religious accommodation case under the TCHRA must establish a prima facie case by establishing the same elements required under the federal test." *Id.*

33. Plaintiff has sincerely held religious beliefs within the meaning of Title VII and Tex. Lab. Code § 21. *Grant*, 11 S.W.3d at 423; Exh. A.

34. Defendant is engaged in an industry affecting commerce and had 15 or more employees for each working day, in each of 20 or more calendar weeks, in the current or preceding calendar year. Exh. A.

35. Plaintiff was qualified for his position at the time he was terminated. Exh. A.

36. Plaintiff suffered an adverse employment action when, among other things, he was terminated by Defendant, because of his religious beliefs. Exh. A.

37. Because of Defendant's actions, Plaintiff has suffered damages within the jurisdictional limits of this Court according to Tex. Lab. Code § 21.051. Plaintiff seeks maximum punitive damages, backpay for two years' salary exceeding $210,000, front pay, and any other damages he may be entitled to. Exh. A.

## V. CONDITIONS PRECEDENT

38. Plaintiff dual-filed a charge of discrimination with the United States Equal Employment Opportunity Commission on June 2, 2023. Exh. A-2.

39. He received his notice of right to sue from the EEOC on November 30, 2023. Exh. A-3.

40. This suit is being filed within 90 days of receipt of the right to sue.

41. All conditions precedent to filing suit have been met.

## VI. REQUEST FOR DECLARATORY RELIEF

42. Incorporating ¶¶1-39, and according to 28 U.S.C §§ 2201-02, Plaintiff requests this Court to declare the rights and other legal relations of the parties in this case of actual controversy, and whether or not further relief is or could be sought and award any further necessary or proper relief based on the declaratory judgment.

## VII. DAMAGES

43. Plaintiff seeks $1,000,000 in damages due to the unforeseen and illegal termination of his employment due to religious discrimination. Plaintiff seeks maximum punitive damages for the intentional religious discrimination and compensatory damages for two years of backpay, front pay, reasonable and necessary attorney's fees and whatever other relief Plaintiff may be entitled.

## VIII. JURY DEMAND

44. Plaintiff demands a jury by trial and has tendered the appropriate fee.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court issue citations for Defendant to appear and answer, and that this Court award to Plaintiff the following relief:

  a. Back pay and front pay (including benefits);
  b. Compensatory damages;
  c. Punitive damages;
  d. Pre-judgment and post-judgment interest as provided by law;
  e. Court costs;
  f. Reasonable and necessary attorney's fees; and
  g. All other relief to which Plaintiff may be justly entitled in law and equity.

Respectfully submitted,

Norred Law, PLLC
By: /s/ *Warren V. Norred*
Warren V. Norred
Texas Bar Number 24045094
warren@norredlaw.com
515 E. Border St., Arlington, Texas 76010
P. 817-704-3984
*Attorney for Plaintiff*

**Exhibits:**
Exhibit A – Declaration of Christopher Yoon
Exhibit A-1 – Demand to Samsung
Exhibit A-2 – Charge of Discrimination
Exhibit A-3 – Right to Sue Letter